CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 29 2010

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEFFERY ALLEN HART,** | ) |
| Petitioner, | ) Case No. 7:10CV00483 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| **SOUTHWEST VIRGINIA REGIONAL JAIL,** | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner Jeffery Allen Hart, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Hart challenges the validity of his confinement pursuant to the judgment of the Tazewell County Circuit Court under which he stands convicted of larceny, passing bad checks, making a bomb threat, and conspiracy. Upon review of the record, the court finds that the petition must be dismissed without prejudice, because petitioner has not yet exhausted his state court remedies.

State court records online indicate that Hart was convicted of the above referenced offenses in May 2009 and sentenced to serve 19 years of a 20-year sentence. He appealed to the Court of Appeals of Virginia, challenging the length of his sentence. That appeal was denied, and Hart did not appeal further to the Supreme Court of Virginia. He filed a petition for a writ of habeas corpus in the Tazewell County Circuit Court, which was denied on October 6, 2010. The Court records indicate that no appeal of this judgment has been filed.

In his § 2254 petition, Hart alleges that his current confinement is unconstitutional because the judge and other participants in the criminal proceedings were prejudiced against him

because they were all victims of his crimes and that counsel provided ineffective assistance in failing to advise him that he could move to have his case tried outside Tazewell County. On the face of his petition, Hart states that he has not presented these habeas claims to the state's highest court on appeal or through state court habeas proceedings.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, that court is the Supreme Court of Virginia. If a petitioner has pursued a state habeas petition in the Circuit Court where he was convicted and the court issues a judgment denying relief, the petitioner can then file a notice of appeal from that judgment to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-411.

It is clear that Hart's present claims have not been presented to or adjudicated by the Supreme Court of Virginia. It also appears that at present, he could still appeal the denial of his Circuit Court habeas petition to the Supreme Court of Virginia. State law allows thirty (30) days from entry of judgment for a state habeas petitioner to file a notice of appeal in the Supreme Court of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. Because Hart clearly has available state court remedies that he has not yet exhausted, as required by

§ 2254(b), his federal petition must be dismissed without prejudice.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 29th day of October, 2010.

*[signature]*
Chief United States District Judge

---

[1] *If Hart wishes to pursue an appeal of the Circuit Court's judgment dismissing his state habeas petition, he is advised to act quickly by submitting a notice of appeal as soon as possible to: Clerk's Office, Supreme Court of Virginia, 100 North 9th Street, Richmond, Virginia 23219.*
Hart is also advised that he may refile his federal habeas claims in a later petition if he is unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d). The federal filing period will not begin to run, however, while any properly filed state post conviction proceeding is pending, such as a state habeas petition. § 2244(d)(2).